NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2009[*]
Decided May 6, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3742

| | |
|---|---|
| JOSEPH P. FREIJE, | Appeal from the United States |
| *Petitioner-Appellant,* | Tax Court. |
| | |
| *v.* | No. 17294-07L |
| | |
| COMMISSIONER OF INTERNAL | Joseph R. Goeke, |
| REVENUE, | *Judge.* |
| *Respondent-Appellee.* | |

**O R D E R**

Joseph Freije appeals a Tax Court decision upholding a lien arising from a deficiency assessment for the 1999 tax year. We affirm the judgment.

This is the second time Freije has gone to the Tax Court to thwart collection of unpaid income tax for 1999, and a summary of the previous litigation is necessary to

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

understand this case. The first action, *Freije v. Commissioner*, 125 T.C. 14 (2005) *(Freije I)*, arose when the Internal Revenue Service notified Freije in November 2004 that it planned to levy on his property to satisfy tax liabilities purportedly due for 1997, 1998, and 1999. During that three-year period, Freije had made a number of payments to the IRS without designating their purpose, including a payment by check in 1998 for $1776 that the IRS mistakenly processed as $11,776. *Id.* at 16-18. The IRS credited that amount against the outstanding liability for the 1997 tax year and refunded the "overpayment" of $5513 to Freije. *Id.* at 17. Eventually the IRS noticed its $10,000 error, reversed it, and began crediting payments received from Freije in 1999 to his reinstated liability for 1997. *Id.* at 17-18. The IRS also recalculated Freije's taxable income for 1999, mostly because of disallowed miscellaneous deductions, and assessed additional tax without issuing a statutory notice of deficiency. *Id.* at 18-19.

The Tax Court concluded in *Freije I* that the IRS had not been authorized to use Freije's payments in 1999 to recover its erroneous refund, and thus the amounts received that year should have been posted to his accounts for tax years 1998 and 1999. 125 T.C. at 30-31. The court explained that the IRS cannot use the process for collecting unpaid tax to recoup an erroneous refund, and instead must use the specific statutory process, *see* I.R.C. § 7405, for recovering a mistaken refund. *Freije I*, 125 T.C. at 31. That meant that the proposed levy could not proceed for 1997, nor could it proceed for 1998 and 1999 because Freije's accounts for those years had not been properly credited with the payments he made in 1999. *See Freije I*, 125 T.C. at 31. Moreover, the court continued, the proposed levy could not be sustained as to 1999 because the IRS had disallowed deductions shown on the return and assessed additional tax without a notice of deficiency. *Id.* at 35. The Tax Court remanded the matter to the Office of Appeals for reconsideration of the proposed levy for 1998 and 1999, *id.* at 37, and in early 2006 issued a final judgment decreeing that the IRS could "not proceed with collection with respect to petitioner's taxable years 1997, 1998, and 1999, as set forth in the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated November 26, 2001, upon which this case is based." *Freije v. Comm'r*, No. 932-02L (T.C. Feb. 22, 2006).

Meanwhile, after Freije had commenced that action in the Tax Court in January 2002, the IRS again refigured his 1999 tax liability, this time disallowing Schedule C business expenses that were not at issue in the ongoing litigation. The IRS now concluded that Freije owed $27,457 in unpaid tax for that year and, unlike before, issued the required notice of deficiency in March 2002. Freije did not challenge the notice of deficiency, and in February 2003 the IRS assessed the amount stated in the notice.

In 2007 the IRS set out to collect that assessment by filing a notice of tax lien in Johnson County, Indiana, where Freije lives. Freije requested a Collection Due Process

hearing before an Appeals Officer to challenge the lien, arguing that the decision in *Freije I* prevented the IRS from collecting *any* deficiency for 1999. The Appeals Officer disagreed, explaining that *Freije I* prevented the IRS from proceeding with the levy it proposed in November 2001 but did not prevent collection based on the new assessment. Freije renewed his argument in the Tax Court, which upheld the decision of the Appeals Officer.

On appeal to this court, Freije makes no discernable argument that the Tax Court committed error in upholding the lien. Instead of contesting the propriety of the proposed collection, Freije protests that the government has engaged in fraud and threatened violence while pursuing a protracted vendetta against him and his family. He also asserts that the IRS owes him a refund for 1999.

We review the Tax Court's decision "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." I.R.C. § 7482(a)(1); *Square D Co. & Subsidiaries v. Comm'r*, 438 F.3d 739, 743 (7th Cir. 2006). That is, we review legal questions de novo and factual determinations for clear error. *Kikalos v. Comm'r*, 434 F.3d 977, 981 (7th Cir. 2006). Where the underlying tax liability is not properly at issue, we review the Appeals Officer's determination for abuse of discretion. *Kindred v. Comm'r*, 454 F.3d 688, 694 (7th Cir. 2006).

This case does not concern the existence or amount of the 1999 tax liability. The Internal Revenue Code allows taxpayers to challenge an underlying liability in a Collection Due Process hearing only "if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." I.R.C. § 6330(c)(2)(B); *see United States v. Patridge*, 507 F.3d 1092, 1095 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 1721 (2008). Freije received a notice of deficiency and could have contested the proposed assessment but did not. Accordingly, the only relevant question during the Collection Due Process hearing was the propriety of the tax lien. The IRS had to satisfy the Appeals Officer that it followed the statutory and administrative procedures, and that it gave appropriate weight to Freije's legitimate concern that the collection effort not be unnecessarily intrusive. *See* I.R.C. §§ 6320(c), 6330(c). Freije could have made an offer-in-compromise or proposed collection alternatives, including posting a bond, substituting other assets, or paying in installments. *Id.* § 6320(c). He did none of those things. The Tax Court thus concluded that the Appeals Officer had properly exercised his discretion in sustaining the notice of tax lien, and Freije suggests no basis for overturning that decision. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

AFFIRMED.